FILED
United States Court of Appeals
Tenth Circuit

November 4, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARVELL LAMONT DAVIS, a/k/a
Marvell Moore,

Defendant - Appellant.

No. 09-6098

(W.D. Oklahoma)

(D.C. No. 5:08-CR-00246-F-1)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant Marvell Lamont Davis pled guilty to one count of

failure to register as a sex offender under the Sex Offender Registration and

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Notification Act ("SORNA"), 18 U.S.C. § 2250. Mr. Davis's plea agreement waived his right to appeal, except that he reserved his right to appeal the district court's denial of his motion to dismiss the indictment on various constitutional grounds. Mr. Davis was sentenced to five years of probation and a $100 special assessment. Mr. Davis brings this appeal, within the parameters specified in the plea agreement.

Mr. Davis's appointed counsel, Fred L. Staggs, has filed an <u>Anders</u> brief and has moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). Mr. Davis has not filed a response and the government has declined to file a brief. We therefore base our conclusion in this case on counsel's brief and our own careful review of the record. For the reasons set forth below, we agree with Mr. Staggs that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

Under <u>Anders</u>, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." <u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005) (citing <u>Anders</u>, 386 U.S. at 744). This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after

> such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744 ).  As indicated, Mr. Davis's counsel has filed his Anders brief, to which neither Mr. Davis nor the government has responded.

The facts underlying this case are simple:  SORNA was enacted in July 2006, and applies to anyone "convicted of a sex offense," 42 U.S.C. § 16911(1), regardless of the date of the offense, 28 C.F.R. § 72.3.  See United States v. Hinckley, 550 F.3d 926, 929-30 (10th Cir. 2008), cert. denied, 129 S. Ct. 2383 (2009).  It requires the sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides."  42 U.S.C. § 16913(a).  This registration requirement for sex offenders was "not subject to any deferral of effectiveness" and thus "took effect when SORNA was enacted."  Hinckley, 550 F.3d at 929.

In 1997, Mr. Davis was convicted in New Jersey of 4th Degree Criminal Sexual Conduct for touching the breast of a woman.  As a result of that conviction, Mr. Davis is required to register as a sex offender.  His guilty plea in the instant case is based upon the fact that after traveling in interstate commerce, and after last being registered as a sex offender in Missouri in 2007, Mr. Davis resided in Oklahoma between August 2007 and September 2008, but failed to register as a sex offender.

The constitutional challenges to SORNA, which Mr. Davis's counsel raises by way of an <u>Anders</u> brief, are as follows:

> Is the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250, unconstitutional, in that it violates the *Ex Post Facto* Clause of the United States Constitution, that there was no subject matter jurisdiction for this prosecution because the failure to register . . . violates the Commerce Clause of the United States Constitution, that the SORNA violates the Spending Clause of the United States Constitution, that the SORNA violates principles of federalism, and/or that the SORNA violates the 8th Amendment prohibition against cruel and unusual punishment as applied in this case?

Appellant's Br. at 2. As the district court observed, certain of Mr. Davis's arguments are foreclosed by recent authority from our own circuit, both published and unpublished. <u>See</u> <u>Hinckley</u>, 550 F.3d at 935-36 (holding "neither SORNA's registration requirements nor the criminal penalties attached to non-compliance in § 2250 violate the Ex Post Facto Clause"; "SORNA remains well within the constitutional boundaries of the Commerce Clause"); <u>United States v. Lawrance</u>, 548 F.3d 1329, 1332-38 (10th Cir. 2008) (same).[1] While Mr. Davis cites no authority in support of his claim that SORNA violates the Eighth Amendment's prohibition on cruel and unusual punishment, we are aware that the scant authority that exists does not support his claim. <u>See</u> <u>United States v. Comstock</u>,

---

[1] We are in agreement with the vast majority of courts to have decided this issue. <u>See</u> <u>United States v. Van Buren, Jr.</u>, 2008 WL 3414012, *11 (N.D.N.Y. 2008) (noting that "[t]o date, over 75 federal courts have addressed the constitutionality of SORNA, and a majority of these cases have addressed Congress's authority to enact the statute under the Commerce Clause. All but two . . . have found SORNA to be constitutionally enacted") (citations omitted).

507 F. Supp. 2d 522, 530 (E.D.N.C. 2007) (noting that "[s]everal recent decisions addressing constitutional challenges to [SORNA] . . . have concluded that the SORNA is civil and nonpunitive").

Similarly, Mr. Davis's counsel submits no binding authority supporting his claim that SORNA violates the Spending Clause of the Constitution and conflicts with "principles of federalism." While this court has not yet addressed these issues, the scant authority on them goes against Mr. Davis. See, e.g., United States v. Hernandez, 615 F. Supp. 2d 601, 624 (E.D. Mich. 2009) ("SORNA does not violate the Tenth Amendment or the principles of federalism."); United States v. Barner, 635 F. Supp. 2d 138, 151 (N.D.N.Y. 2009) ("With regard to the Spending Clause and SORNA, the Court notes that the issue has not yet been addressed by any Circuit Court. However, courts in this district have rejected the argument [that SORNA contravenes the Spending Clause].").

Accordingly, we agree with Mr. Davis's counsel that there is no non-frivolous ground in the record on which to appeal Mr. Davis's guilty plea. For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge
