J-S50037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELVIN RAY JONES, | |
| Appellant | No. 441 WDA 2014 |

Appeal from the Judgment of Sentence entered February 28, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0001196-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 11, 2014**

Melvin Ray Jones ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to two counts of aggravated indecent assault and one count of indecent assault.[1]  Relevant to this appeal, the trial court ordered Appellant to lifetime registration as a sex offender pursuant to Pennsylvania's newly enacted Sex Offender Registration and Notification Act ("SORNA").  *See* 42 Pa.C.S.A. § 9799.14-15.  We affirm.

The victim's mother brought the four-year-old victim to the Pennsylvania State Police Barracks in Uniontown and reported that Appellant had engaged in sexual conduct with the victim.  Affidavit of Probable Cause, 3/4/13.  The Commonwealth filed a criminal information on August 12,

---

[1] 18 Pa.C.S.A §§ 3125(a)(1) and (7), and 3126(a)(7).

2013, charging Appellant with three counts of aggravated assault, and one count of indecent assault.

On November 4, 2013, Appellant entered a guilty plea to two counts of aggravated indecent assault and one count of indecent assault. That same day, the trial court ordered an assessment from the Sexual Offender Assessment Board.

On February 28, 2014, the trial court conducted a sexual offender assessment hearing, at the conclusion of which it determined that Appellant was a sexually violent predator, and sentenced Appellant to a term of five to ten years in prison. The trial court also directed Appellant to comply with the lifetime registration requirement under SORNA. Appellant filed a post-sentence motion on March 5, 2014, which the trial court denied on March 10, 2014. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. DID THE [TRIAL] COURT ERR IN RULING THAT THE APPELLANT WAS A SEXUALLY VIOLENT PREDATOR WHEN THE REPORT WAS BASED IN PART ON A CRIMINAL CHARGE THAT DID NOT RESULT IN A CONVICTION?

2. IS IT UNCONSTITUTIONAL TO REQUIRE AN APPELLANT TO REGISTER FOR A LIFETIME WHEN SAID REGISTRATION REQUIREMENT EXCEEDS THE STATUTORY MAXIMUM PENALTY FOR APPELLANT'S OFFENSE?

3. IS THE ADAM WALSH STATUTE [SORNA] UNCONSTITUTIONAL IN REQUIRING APPELLANT TO REGISTER FOR A LIFETIME?

Appellant's Brief at 7.

In his first issue, Appellant asserts that the report of the Sexual Offender Assessment Board ("SOAB") was flawed because, in making its determination that Appellant was a sexually violent predator, a representative of the SOAB impermissibly relied on Appellant's prior arrest for a sexual offense that did not result in a conviction. Appellant's Brief at 10-11. We are constrained in our analysis because Appellant's argument comprises one and a half pages of his brief with no reference to any applicable statute or rule, nor citation to any case law. Rather, Appellant's argument consists entirely of general assertions that are unsupported by any discussion and analysis of relevant legal authority.

Pennsylvania R.A.P. 2119(a) provides:

> General rule. The argument shall be divided into as many parts as there are questions to be argued; and shall have ... such discussion and citation of authorities as are deemed pertinent.

We recently explained:

> The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover ... [m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.

*Coulter v. Ramsden*, --- A.3d ----, 2014 WL 2787216 at 7 (Pa. Super. June 20, 2014) (citations and internal quotations omitted).

As noted above, the argument portion of Appellant's brief pertaining to his first issue contains no reference to legal authority, and lacks an appropriately developed analysis. Moreover, although Appellant asserts that the SOAB representative erroneously referred to and relied upon an arrest that did not result in a conviction, Appellant fails to reference the certified record or cite to notes of testimony to support his assertion. *See Commonwealth v. Kearney*, 92 A.3d 51, 66-67 (Pa. Super. 2014) (it is not the responsibility of this Court to scour the record to find evidence to support an argument). Given Appellant's lack of proper analysis and development of this claim, we are precluded from conducting meaningful review. Appellant's first issue is waived.

Appellant's second and third issues are interrelated. Therefore, we address them together. Appellant argues that the trial court imposed an illegal sentence by subjecting him to lifetime registration under SORNA because the lifetime registration requirement exceeds the statutory maximum sentences for the offenses of which he was convicted. Appellant's Brief at 12-16. Additionally, Appellant argues that the lifetime registration requirement constitutes "unusual punishment as barred by the Pennsylvania and U.S. Constitution." *Id*. at 15.

The argument portion of Appellant's brief addressing his second and third issues is likewise undeveloped. Appellant's total argument on these two issues comprises approximately four pages, with no reference to any applicable statutory authority or the precise Constitutional provisions on which he bases his assertions. **See Coulter, supra;** and **Commonwealth v. Howe**, 842 A.2d 436, 441 (Pa. Super. 2004) (citations omitted) ("A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution [and] the party challenging the constitutionality of a statute has a heavy burden of persuasion.").

Although Appellant's arguments are undeveloped, we understand his claim that the SORNA lifetime registration requirement effectively subjects him to a sentence in excess of the statutory maximum sentences for his crimes, rendering the lifetime registration requirement illegal. Appellant's Brief at 12-14. Additionally, Appellant contends that lifetime registration under SORNA constitutes "unusual punishment" in violation of the Eighth Amendment of the United States Constitution, and Article 1, Section 13 of the Pennsylvania Constitution. Appellant's Brief at 15-16. **See Commonwealth v. Baker**, 24 A.3d 1006, 1026, n. 20 (Pa. Super. 2011) ("Article I, § 13 of the Pennsylvania Constitution provides no greater protection against cruel and unusual punishment than does the Eighth

Amendment"); *see also Commonwealth v. Elia*, 83 A.3d 254, 267 (Pa. Super. 2013).

Recently, in *Commonwealth v. Perez*, --- A.3d ----, 2014 WL 3339161 (Pa. Super. July 9, 2014), we addressed whether SORNA was "punitive" and therefore violated the ex post facto clauses of the federal and state constitutions. We held in *Perez* that the effects of SORNA were not sufficiently punitive to overcome the General Assembly's classification of SORNA as a civil regulatory scheme that "shall not be construed as punitive." *Id.* at 11; 42 Pa.C.S.A. § 9799.11(b)(2). Rather, we explained that "greater restraints imposed by sex offender registration stem from the public's benefit of said registration and the consequences that flow therefrom [and] those effects, while not insignificant, are merely secondary and collateral to the requirements themselves." *Id.* at 9.

Given our determination in *Perez* that SORNA restraints are inadequate to overcome the General Assembly's classification of SORNA as civil and not punitive in nature, Appellant's claim that he received a sentence in excess of the statutory maximum is meritless because the lifetime registration requirement did not constitute a sentence. Additionally, because

SORNA is not punitive, we conclude that Appellant's claim that his SORNA registration requirement constitutes unusual punishment is without merit.[2]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014

_____

[2] *See e.g. McCarty v. Roos*, 2014 WL 551543 (D. Nev. Feb. 10, 2014) (citations omitted) (explaining that the federal SORNA cannot violate rights implicated by the criminal justice system, such as double jeopardy and cruel and unusual punishment, because it is a civil regulatory scheme); *Spiteri v. Russo*, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013) (sex offender classifications under SORNA could not constitute cruel and unusual punishment for the same reasons that SORNA was found not to violate the Ex Post Facto Clause, i.e. because the registration requirement is not punitive); *United States v. Under Seal*, 709 F.3d 257, 266 (4th Cir. 2013) (SORNA is a non-punitive, civil regulatory scheme and its registration requirements do not violate the Eighth Amendment's prohibition on cruel and unusual punishment); *United States v. Davis*, 352 F. App'x 270, 272 (10th Cir. 2009) (holding that registration of convicted sex offenders under SORNA does not violate "the Eighth Amendment's prohibition on cruel and unusual punishment" since it is civil and not punitive).