J-S50044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXANDER LEWIS FRYE, | |
| Appellant | No. 552 WDA 2014 |

Appeal from the Judgment of Sentence entered March 21, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0001945-2012
and CP-26-CR-0001946-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED AUGUST 11, 2014**

Alexander Lewis Frye ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to one count of aggravated indecent assault at Docket No. 1945-2012 and one count of aggravated indecent assault at Docket No. 1946-2012.[1]  Relevant to this appeal, the trial court ordered Appellant to lifetime registration as a sex offender pursuant to the newly enacted registration requirements of Pennsylvania's Sex Offender Registration and Notification Act ("SORNA").  **See** 42 Pa.C.S.A. §§ 9799.14, 9799.15.  Upon review, we affirm.

The pertinent procedural history may be summarized as follows:  On November 14, 2012, the Commonwealth filed an information charging

_____

[1] **See** 18 Pa.C.S.A. § 3125.

Appellant at Docket No. 1945-2012 with three counts of aggravated indecent assault of a child, three counts of sexual assault, three counts of aggravated indecent assault of a person less than 13 years of age, three counts of indecent assault of a person less than 13 years of age, three counts of unlawful contact with a minor, and three counts of corruption of minors.[2] At Docket No. 1946-2012, the Commonwealth charged Appellant with one count of aggravated indecent assault of a child, intimidation of witnesses or victims, unlawful contact with a minor, sexual assault, aggravated indecent assault of a person less than 13 years of age, corruption of minors, and indecent assault of a person less than 13 years of age.[3]

On January 6, 2014, Appellant entered guilty pleas to one count of aggravated indecent assault at Docket No. 1945-2012, and one count of aggravated indecent assault at Docket No. 1946 -2012. That same day, the trial court ordered an assessment of Appellant from the Sexual Offender Assessment Board in accordance with 42 Pa.C.S.A. § 9791.

On March 21, 2014, the trial court conducted a sexual offender assessment hearing after which it deemed Appellant to be a sexually violent predator. The trial court proceeded to sentence Appellant to concurrent

---

[2] 18 Pa.C.S.A. §§ 3125(b), 3124.1, 3125(a)(7), 3126(a)(7), 6318(a)(1), and 6301(a)(1)(ii).

[3] 18 Pa.C.S.A. §§ 3125(b), 4952(a)(1), 6318(a)(1), 3124.1, 3125(a)(7), 6301(a)(1)(ii) and 3126(a)(7).

sentences of 6½ to 20 years of imprisonment. The trial court also directed Appellant to comply with a lifetime registration requirement as a Tier III sex offender pursuant to the new registration requirements of SORNA. Appellant filed a timely post-sentence motion on March 27, 2014, asserting that his sentence was excessive, and that the lifetime registration requirement under SORNA was unconstitutional. The trial court denied Appellant's motion on March 31, 2014. This appeal followed. Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and on June 2, 2014, the trial court filed a "Statement in Lieu of Opinion."

Appellant presents two issues for our review:

1. IS IT UNCONSTITUTIONAL TO REQUIRE AN APPELLANT TO REGISTER FOR A LIFETIME FOR A CRIME THAT CARRIES A MAXIMUM PENALTY IN THE INSTANT CASE OF TWENTY YEARS?

2. IS THE ADAM WALSH STATUTE [SORNA] UNCONSTITUTIONAL IN REQUIRING APPELLANT TO REGISTER FOR A LIFETIME FOR SAID CRIME?

Appellant's Brief at 7.

Preliminarily, we note that in its Statement in Lieu of Opinion, the trial court concluded that Appellant's issues were waived because Appellant failed to raise them during the sexual offender assessment hearing, at sentencing, or in his post-sentence motion. Our review of the record reveals, however, that in his written post-sentence motion, Appellant claimed "the sentence of lifetime registration is unconstitutional in requiring this appellant to register for a lifetime when said registration requirement exceeds the statutory

maximum penalty for appellant's offense." Post-Sentence Motion for Modification of Sentence, 3/27/14. Accordingly, Appellant's claim has been preserved for our review.

Appellant's two issues are interrelated. We therefore address them together. Appellant argues that the lifetime registration requirement of SORNA constitutes "unusual punishment as barred by the Pennsylvania and U.S. Constitution." Appellant's Brief at 1-13. Appellant's argument that SORNA is unconstitutional comprises three pages of his brief, with no reference to the precise Constitutional provisions on which he bases his assertion, or any reference to the applicable statutory section of SORNA containing the contested registration requirement.

> When an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law. Our consideration of questions of law is plenary. A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution. Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion.

*Commonwealth v. Howe*, 842 A.2d 436, 441 (Pa. Super. 2004) (citations omitted).

Appellant's constitutional claim is largely undeveloped. Nevertheless, we are able to discern from Appellant's brief his assertion that the lifetime registration of SORNA constitutes "unusual punishment" in violation of the Eighth Amendment of the United States Constitution, and Article 1, Section 13 of the Pennsylvania Constitution. *See Commonwealth v. Baker*, 24

A.3d 1006, 1026, n. 20 (Pa. Super. 2011) ("Article I, § 13 of the Pennsylvania Constitution provides no greater protection against cruel and unusual punishment than does the Eighth Amendment"); *see also Commonwealth v. Elia*, 83 A.3d 254, 267 (Pa. Super. 2013).

Recently, in *Commonwealth v. Perez*, --- A.3d ----, 2014 WL 3339161 (Pa. Super. July 9, 2014), we addressed whether SORNA was "punitive" and therefore violated the ex post facto clauses of the federal and state constitutions. We held in *Perez* that the effects of SORNA were not sufficiently punitive to overcome the General Assembly's classification of SORNA as a civil regulatory scheme that "shall not be construed as punitive." *Id.* at 11; 42 Pa.C.S.A. § 9799.11(b)(2).

Given our determination in *Perez* that any SORNA constraints are inadequate to overcome the General Assembly's classification of SORNA as civil and not punitive in nature, Appellant's claim that the registration requirements of SORNA constitute cruel and unusual punishment is without merit.[4]

_____

[4] *See e.g. McCarty v. Roos*, 2014 WL 551543 (D. Nev. Feb. 10, 2014) (citations omitted) (explaining that the federal SORNA cannot violate rights implicated by the criminal justice system, such as double jeopardy and cruel and unusual punishment, because it is a civil regulatory scheme); *Spiteri v. Russo*, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013) (sex offender classifications under SORNA could not constitute cruel and unusual punishment for the same reasons that SORNA was found not to violate the Ex Post Facto Clause, i.e. because the registration requirement is not punitive); *United States v. Davis*, 352 F. App'x 270, 272 (10th Cir. 2009) *(Footnote Continued Next Page)*

- 5 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/11/2014</u>

---

*(Footnote Continued)*

(holding that registration of convicted sex offenders under SORNA does not violate "the Eighth Amendment's prohibition on cruel and unusual punishment" since it is civil and not punitive).