J-S25043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS LEWIS BITNER | |
| Appellant | No. 1691 WDA 2015 |

Appeal from the Judgment of Sentence October 13, 2015
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000864-2015

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 4, 2016**

Appellant Thomas Lewis Bitner appeals from the October 13, 2015 judgment of sentence, entered in the Fayette County Court of Common Pleas, which included a requirement that he register pursuant to the Sexual Offenders Registration and Notification Act ("SORNA").  We affirm.

On July 15, 2015, Appellant pled guilty to indecent assault without consent, two counts of terroristic threats, two counts of harassment, and one count of criminal mischief.[1]

On October 13, 2015, the trial court sentenced Appellant to two years' probation for the indecent assault conviction, with no further penalty for the remaining convictions.  The trial court's sentencing order informed Appellant

_____

[1] 18 Pa.C.S. §§ 3126(a)(1), 2706(a)(1), 2709(a)(1), and 3304(a)(5), respectively.

of his duty to register pursuant to SORNA, and notified Appellant he was required to register for a period of 15 years. Order, 10/13/2015, at ¶¶ 8-9.[2] That same day, the trial court found that Appellant was not a sexually violent predator.

Appellant filed a post-sentence motion for modification of sentence, which the trial court denied on October 19, 2015. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

> [1.] Is it unconstitutional to require an appellant to register for twenty five years when said registration requirement exceeds the statutory maximum penalty for Appellant's offense?
>
> [2.] Is the Adam Walsh statute unconstitutional in requiring the an [sic] appellant to register for twenty five (25) years?
>
> [3.] Is the Adam Walsh statute unconstitutional in requirement the an [sic] appellant to register for twenty five (25) years when Appellant was assessed and deemed not to be a sexual predator?

Appellant's brief at 7.[3]

_____

[2] Indecent assault is a Tier I offense under SORNA. 42 Pa.C.S. § 9799.14(b)(6). Tier I offenses require a 15-year registration period. 42 Pa.C.S. § 9799.15(a)(1).

[3] Appellant's brief states Appellant was required to register for twenty-five years. However, pursuant to SORNA and the trial court's sentencing order, Appellant is required to register for fifteen years. Further, although Appellant's Brief includes a table of contents with associated page numbers,
*(Footnote Continued Next Page)*

Appellant's issues challenge the constitutionality of SORNA.[4] His first issue argues that the period of registration is unconstitutional because it exceeded the length of his sentence and exceeded the maximum sentence that he could have received. Appellant's Brief at 10. He maintains that, if the SORNA requirements are not criminal penalties, the requirements should not be imposed at the time of sentencing. *Id.* He notes that the restrictions can result in criminal penalties if a defendant fails to comply with the registration requirements. *Id.*

In his argument supporting his second and third issues, which are argued together, Appellant maintains the requirements for registration and the classification of offenses into tiers "are not in line with what is required to accomplish rehabilitation." Appellant's Brief at 12. He again argues the registration requirement exceeds the maximum statutory sentence allowed. *Id.* He maintains the registration requirement constitutes cruel and unusual punishment. *Id.*

---

*(Footnote Continued)* ─────────────

it does not include page numbers on the individual pages until page 9. This Court will provide the page numbers, where needed.

[4] SORNA is also referred to as Megan's Law IV, Act 111 of 2011, or the Adam Walsh Act. **Commonwealth v. Gainnantonio**, 114 A.3d 429, 432 n.1 (Pa.Super.2015). The federal statute addressing registration of sexual offenders also is called the Adam Walsh Act. **Commonwealth v. Noonan**, 102 A.3d 1254, 1258 n.1 (Pa.Super.2014) (noting "the federal statute which, in part, spurred some of the amendments giving rise to the current statute is also titled the Adam Walsh Child Protection and Safety Act of 2006").

As explained in ***Commonwealth v. McDonough***:

> Section 9799.14 of SORNA establishes a three-tiered system of specifically enumerated offenses requiring registration for sexual offenders for differing lengths of time. Pursuant to section 9799.15(a)(1), a person convicted of a Tier I offense . . . must register for 15 years. A Tier II offender must register for 25 years, while a Tier III offender must register for the remainder of his or her life. 42 Pa.C.S. § 9799.15(a)(2), (a)(3).

96 A.3d 1067, 1070 (Pa.Super.2014) (some internal citations omitted). Appellant was convicted of indecent assault, a Tier I offense. 42 Pa.C.S. § 9799.14(b)(6). Therefore, Appellant is required to comply with SORNA's registration requirements for 15 years. 42 Pa.C.S. § 9799.15(a)(1).

In ***McDonough***, this Court addressed constitutionality arguments that are almost identical to those raised in Appellant's brief. 96 A.3d at 1070. The appellant in ***McDonough*** argued "it is unconstitutional and illegal to require an individual to register as a sex offender for 15 years for a crime that carries a maximum penalty of only two years in prison [and] that the registration requirements of SORNA . . . are not civil in nature because they impose restrictions and requirements which, if violated, can result in imprisonment." ***Id.*** at 1070.[5]

_____

[5] The appellate brief in ***McDonough*** phrased the issues as:

> Issue No. 3: Is it unconstitutional to require an appellant to register for fifteen years for a crime that carries a maximum penalty in the instance case of two year[s]?

*(Footnote Continued Next Page)*

This Court in **McDonough** noted that it could not ignore the Supreme Court of Pennsylvania's finding that:

> Because we do not view the registration requirements as punitive but, rather, remedial, we do not perceive mandating compliance by offenders who have served their maximum term to be improper. Furthermore, the fact that an offender may be held until such information is furnished is no different from confining someone in a civil contempt proceeding. While any imprisonment, of course, has punitive and deterrent effects, it must be viewed as remedial if release is conditioned upon one's willingness to comply with a particular mandate.

**McDonough**, 96 A.3d at 1071 (quoting **Commonwealth v. Gaffney**, 557 Pa. 327, 733 A.2d 616, 622 (1999)) (emphasis deleted). It similarly cited to **Commonwealth v. Benner**, 853 A.2d 1068 (Pa.Super.2004), including **Benner**'s finding that:

> The registration provisions of Megan's Law do not constitute criminal punishment. The registration requirement is properly characterized as a collateral consequence of the defendant's plea, as it cannot be considered to have a definite, immediate and largely automatic effect on a defendant's punishment.

**McDonough**, 96 A.3d at 1071. The court in **McDonough**, noted that although

---

*(Footnote Continued)* ————————————

> Issue 4: Is the Adam Walsh Statute unconstitutional in requiring the an [sic] appellant to register for fifteen years for said crime?

Appellant's Brief, No. 1958 WDA 2013, at 7.

> *Gaffney* and *Benner* were decided prior to the effective date of SORNA, the same principles behind the registration requirements for sexual offenders under Megan's Law apply to those subject to SORNA. Namely, to effectuate, through remedial legislation, the non-punitive goal of public safety. *Gaffney*, 733 A.2d at 619; *see* 42 Pa.C.S. § 9791(a) (legislative findings and declaration of policy behind registration of sexual offenders). In fact, one of the main purposes behind SORNA is to fortify the registration provisions applicable to such offenders. *See* 42 Pa.C.S. § 9799.10 (purpose of registration of sexual offenders under SORNA); *see also* H.R. 75, 195th Gen. Assemb. Reg. Sess. (Pa.2012).

*Id.* at 1071. The Court found the law was not unconstitutional as applied to the appellant and that the appellant offered no competent evidence to undermine the legislative findings, which support SORNA's registration requirement.[6] *Id.*

_____

[6] Because courts have found that the registration requirements are not punitive, Appellant's claim that the requirements constitute cruel and unusual punishment fails. *See Commonwealth v. Perez*, 97 A.3d 747 (Pa.Super.2014) (finding SORNA's registration requirements are not punitive, and application of the requirements does not violate the *ex post facto* clause); *United States v. Under Seal*, 709 F.3d 257, 265 (4th Cir.2013) (finding the federal SORNA statute was not punitive and did not violate the Eighth Amendment's prohibition on cruel and unusual punishment); *United States v. Crews*, 496 F. App'x 896, 901 (11th Cir.2012) (finding the federal SORNA statute did not violate the Eighth Amendment); *United States v. Davis*, 352 F. App'x 270, 272 (10th Cir.2009) (noting the existing authority did not support claim that the federal SORNA statute violated the Eighth Amendment).

Pursuant to **McDonough**, SORNA is not unconstitutional as applied to Appellant. Further, Appellant has offered no evidence to undermine the legislative findings, which support SORNA's registration requirement.[7]

Appellant's brief fails to reference **McDonough**. An attorney from the Fayette County Public Defender's Office represents Appellant. The Fayette County Public Defender's Office also represented the appellant in **McDonough**. Attorneys from the Fayette County Public Defender's office, including counsel herein, have repeatedly raised the same or similar constitutional challenges to SORNA as raised in **McDonough**, without citing or discussing the precedential case.[8] This Court has rejected those arguments pursuant to **McDonough**.[9] Counsel is reminded that he has a

_____

[7] To the extent Appellant argues that the registration requirements are unconstitutional because he was not found to be an SVP, he provides no argument on this claim and fails to explain why the distinction is important in terms of the statute's applicability or constitutionality.

[8] **See, e.g.,** Appellant's Brief, **Commonwealth v. Havrilesko**, No. 1528 WDA 2015 (Pa.Super. filed Nov. 12, 2015); Appellant's Brief, **Commonwealth v. Brooks**, No. 365 WDA 2015 (Pa.Super. filed Apr. 30, 2015); Appellant's Brief, **Commonwealth v. Miller**, No. 102 WDA 2015 (Pa.Super. filed March 25, 2015); Appellant's Brief, **Commonwealth v. Quinn**, No. 1944 WDA 2014 (Pa.Super. filed Mar. 5, 2015); Appellant's Brief, **Commonwealth v. Murray**, No. 1694 WDA 2014 (Pa.Super. filed Nov. 12, 2014); Appellant's Brief, **Commonwealth v. Burwell**, No. 836 WDA 2014 (Pa.Super. filed Sept. 5, 2014); **Commonwealth v. Fitzgerald**, No. 1129 WDA 2014 (Pa.Super. filed Sept. 5, 2014).

[9] **See, e.g., Commonwealth v. Havrilesko**, No. 1528 WDA 2015 (Pa.Super. filed Feb. 26, 2016) (unpublished memorandum); **Commonwealth v. Brooks**, No. 365 WDA 2015 (Pa.Super. filed Oct. 22, 2015) (unpublished memorandum); **Commonwealth v. Miller**, No. 102
*(Footnote Continued Next Page)*

duty of candor toward the tribunal. As the comments to Pennsylvania Rule of Professional Conduct 3.3 explain:

> Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities. Furthermore, as stated in paragraph (a)(2), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction that has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.

Pa.R.Prof.Cond. 3.3, cmt. Legal Argument. Further, an argument raised in a brief shall have a "discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119.[10] A precedential case rejecting the claims raised in an appeal, and which has been repeatedly relied on by this Court to reject such claims, is indisputably pertinent legal authority. We strongly recommend that counsel, as well as all attorneys working for the Fayette

_____
*(Footnote Continued)* _____

WDA 2015 (Pa.Super. filed June 24, 2015) (unpublished memorandum); ***Commonwealth v. Quinn***, 1944 WDA 2014 (Pa.Super. filed June 30, 2015) (unpublished memorandum); ***Commonwealth v. Murray***, No. 1694 WDA 2014 (Pa.Super. filed Feb. 11, 2015) (unpublished memorandum; ***Commonwealth v. Burwell***, No. 836 WDA 2014 (Pa.Super. filed Dec. 11, 2014); ***Commonwealth v. Fitzgerald***, No. 1129 WDA 2014 (Pa.Super. filed Dec. 11, 2014) (unpublished memorandum).

[10] This Court has reminded attorneys from the Fayette County Public Defenders' Office to provide a citation to ***McDonough*** in at least three prior cases. Memorandum, ***Burwell***, No. 836 WDA 2014, at 3-4; Memorandum, ***Fitzgerald***, No. 1129 WDA 2014, at 3-4; Memorandum, ***Commonwealth v. Trautman***, No. 612 WDA 2015, at 4 n.3 (Pa.Super. filed Sept. 14, 2015).

County Public Defender's office, reference **McDonough** if raising the same or similar challenges to the constitutionality of SORNA on the behalf of future appellants.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2016