# United States Court of Appeals
## For the First Circuit

No. 13-1925

UNITED STATES OF AMERICA,

Appellee,

v.

JAMES ROBERSON,

Defendant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]


Before

Lynch, Chief Judge,
Torruella and Howard, Circuit Judges.


Thomas J. O'Connor. Jr. for appellant.
Alex J. Grant, Assistant United States Attorney, with whom
Carmen M. Ortiz, United States Attorney, was on brief, for
appellee.


May 21, 2014

**LYNCH, <u>Chief Judge</u>**.   This case addresses an important question of interpretation of first impression in the federal courts of appeals.   Defendant James Roberson appeals from a district court denial of his motion to dismiss and from his criminal conviction for his failure to register as a sex offender under SORNA, the Sex Offender Registration and Notification Act. 18 U.S.C. § 2250.

At the time of his federal indictment in July 2012, Roberson stood convicted, in 1998, of the Massachusetts crime of indecent assault and battery on a child under the age of 14.   Mass. Gen. Laws ch. 265, § 13B.   He did not appeal from that conviction; nor did he ever register as a sex offender at any time between 2010 and 2012, though he had been notified of his obligation to do so.

Four months after his federal SORNA indictment, on November 16, Roberson moved to withdraw his guilty plea to the sex crime in the state court.   Roberson did not and does not allege that he was innocent of the indecent assault.   But he did allege that his guilty plea had entered after a constitutionally defective procedure.   The local prosecutor did not oppose the motion because the plea judge had utilized incomplete and inadequate plea-colloquy procedures before June 16, 2000 and there was no independent evidence that the proper plea procedures were followed during

Roberson's March 4, 1998 plea hearing.[1]  The local state district court allowed the unopposed motion on January 11, 2013.  We assume arguendo that Roberson's plea colloquy was constitutionally defective.

On February 15, 2013, Roberson moved to dismiss his federal charges on the basis that he no longer had a predicate sex offense to support a SORNA violation.  More specifically, he argued that because of the constitutional defect, he was never "validly" convicted.  He argued that his case is governed by Burgett v. Texas, 389 U.S. 109 (1967), and not by Lewis v. United States, 445 U.S. 55 (1980).

Agreeing with the district court, we hold that SORNA's registration requirement applied to Roberson as a person who "was convicted" of a sex offense, 42 U.S.C. § 16911(1), enforced by 18 U.S.C. § 2250, regardless of whether that conviction is later vacated, when federal charges have been brought for conduct before the vacation of conviction.  We also reject Roberson's additional challenges.

I.

On March 4, 1998, pursuant to a guilty plea, Roberson was convicted of indecent assault and battery on a child under the age

---

[1]  The tape recording of Roberson's plea colloquy could not be located.  The state judge who accepted Roberson's guilty plea was publicly reprimanded in 2005 for failing to follow proper plea-colloquy procedure before June 16, 2000.

-3-

of 14, in violation of Chapter 265, § 13B of the Massachusetts General Laws.  Roberson was sentenced to three years' probation. A week later, Roberson signed a notice informing him of his duties to register as a sex offender.  In 2001, a Massachusetts arrest warrant was issued for Roberson for a probation violation.

In 2006, Roberson obtained a Florida driver's license. Over the next three years, the Florida Department of Law Enforcement mailed Roberson notices regarding his obligation to register as a sex offender.  The Department proceeded to place Roberson on the Florida sex offender registry.  Roberson did not register himself.

On July 14, 2010, a Vermont detective spoke to Roberson about his obligation to register as a sex offender.  Roberson claimed that he was only visiting the state.

Between May and June 2011, Roberson worked in Massachusetts.  Again, he did not register as a sex offender. After leaving the state and traveling to Nicaragua, Roberson returned to Massachusetts in April 2012.  Roberson was arrested on May 18, 2012 on the outstanding warrant for his probation violation.  Roberson did not register as a sex offender while living in Massachusetts during April and May 2012.

On July 12, 2012, a federal grand jury indicted Roberson on one count of failing to register under SORNA, in violation of 18 U.S.C. § 2250.  Section 2250 makes it a crime for an individual who

is "required to register under [SORNA]" to "travel[] in interstate or foreign commerce" and to "knowingly fail[] to register or update a registration" pursuant to SORNA's requirements. 18 U.S.C. § 2250(a). The indictment alleged a violation "[f]rom in or about February, 2010 to on or about May 18, 2012, in the District of Massachusetts and elsewhere." We have described his post-indictment recourse to the Massachusetts state court.

On February 15, 2013, Roberson filed a motion to dismiss his federal indictment, challenging the Government's reliance on his now-vacated prior predicate conviction.[2] The Government opposed, arguing that the indictment was based upon Roberson's failure to register at a time when his Massachusetts conviction was "still in effect" and, as such, when he was still under an obligation to register. The Government relied upon Lewis, 445 U.S. at 65-68, in which the Supreme Court held that a defendant's indictment and conviction for being a felon in possession of a firearm were not undermined by the defendant's later producing evidence which the Court assumed showed that the predicate felony

---

[2] Roberson also raised before the trial court and raises again on appeal certain Ex Post Facto Clause, Due Process Clause, Equal Protection Clause, Commerce Clause, and separation of powers challenges to SORNA. Roberson concedes that those challenges are foreclosed by binding circuit precedent, see, e.g., United States v. Whitlow, 714 F.3d 41, 44 (1st Cir. 2013), cert. denied, 134 S. Ct. 287 (2013); United States v. Parks, 698 F.3d 1, 4-8 (1st Cir. 2012), cert. denied, 133 S. Ct. 2021, but raises them in order to preserve them for eventual Supreme Court review.

conviction was obtained in violation of the defendant's Sixth Amendment right to counsel. The conviction was affirmed.

On April 8, 2013, the district court orally denied Roberson's motion to dismiss the indictment, but said it would consider the state court's action at sentencing. Roberson entered a conditional guilty plea on May 22, 2013, reserving his right to appeal the district court's denial of his motion. On July 22, 2013, the district court sentenced Roberson to six months' imprisonment with no supervision to follow.

## II.

The question of whether a defendant's prior conviction qualifies as a predicate offense under a federal criminal statute is an issue of federal law that this court reviews de novo. See Aquiar v. Gonzáles, 438 F.3d 86, 88 (1st Cir. 2006).

In our view, the Supreme Court's decisions in Lewis and United States v. Mendoza-Lopez, 481 U.S. 828 (1987), require us to affirm, as does our post-Lewis caselaw. Other circuits have reached similar conclusions as to other statutes.

Congress enacted SORNA in 2006 "to establish a comprehensive national system for the registration of sex offenders." United States v. Whitlow, 714 F.3d 41, 43 (1st Cir. 2013), cert. denied, 134 S. Ct. 287; accord 42 U.S.C. § 16901. "SORNA's general changes were designed to make more uniform what had remained 'a patchwork of federal and 50 individual state

-6-

registration systems,'" <u>United States</u> v. <u>Kebodeaux</u>, 133 S. Ct. 2496, 2505 (2013) (quoting <u>Reynolds</u> v. <u>United States</u>, 132 S. Ct. 975, 978 (2012)), beset with "'loopholes and deficiencies' that had resulted in an estimated 100,000 sex offenders becoming 'missing' or 'lost,'" <u>id.</u> (quoting H.R. Rep. No. 109-218, pt. 1, at 20, 26 (2005)).

Under SORNA, "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides [or] where the offender is an employee."  42 U.S.C. § 16913(a).  In turn, SORNA, defines "sex offender" as "an individual who <u>was</u> <u>convicted</u> of a sex offense."  <u>Id.</u> § 16911(1) (emphasis added).  Roberson concedes that the crime to which he pled guilty in March 1998 is a "sex offense."  He does not contest that he traveled and had not registered.  The question is whether, under the language of SORNA, he "was convicted" of that crime for conduct before the vacation of that conviction.

We start with the language of the statute.  In <u>Lewis</u>, the Supreme Court interpreted a statute in a similar regulatory system, where the federal crime of being a felon in possession of a firearm depended on the defendant being a person who "has been convicted by a court . . . of a felony."  445 U.S. at 60 (internal quotation marks omitted) (quoting Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90-351, 82 Stat. 197, Tit. VII, § 1202(a)(1)). It was faced with a claim that the predicate felony was based on a

constitutional error under <u>Gideon</u> v. <u>Wainwright</u>, 372 U.S. 335 (1963), which the Court assumed to be true.  Nonetheless, it affirmed the conviction under section 1202(a)(1) and rejected a claim that its reading violated the Constitution.  The Court characterized the language "convicted by a court" as "unambiguous[]" and "sweeping."  <u>Lewis</u>, 445 U.S. at 60.  The Court looked to the plain language and then considered the fact that the statute contained numerous exceptions, none of which provided an exception for convictions which might turn out later to be invalidated for any reason.  <u>Id.</u> at 61-62.  The Court also contrasted section 1202(a)(1) with other statutes which explicitly provided a defense of challenging the validity or constitutionality of a predicate felony.  <u>Id.</u> at 62.

As for the sparse legislative history, the Court concluded it reflected "an intent to impose a firearms disability on any felon based on the fact of conviction."  <u>Id.</u>  It stressed the fact of conviction, and not a "valid" conviction.  <u>Id.</u>

In <u>Mendoza-Lopez</u>, the Supreme Court considered a similarly worded statute which made it a felony to enter the country after having been "deported."  The Court held that "deported" could not be read to refer just to "lawful" deportations, despite serious constitutional concerns, which are

not at issue in this case.[3]  481 U.S. at 833-837, 841-42; <u>see</u> <u>also</u> <u>Edward J. DeBartolo Corp.</u> v. <u>Fla. Gulf Coast Bldg. & Constr. Trades Council</u>, 485 U.S. 568, 575 (1988) ("[W]here an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress.").

In looking to the language of federal statutes referring to those "convicted" of a crime, this court has observed that "[b]y its normal meaning a defendant has been 'convicted by a court' even though the conviction may sometime be reversed." <u>United States</u> v. <u>Samson</u>, 533 F.2d 721, 722 (1st Cir. 1976) (holding that prohibition against receiving firearms in commerce after having "been convicted by a court . . . of a felony" does not require final predicate conviction); <u>accord</u> <u>United States</u> v. <u>Currier</u>, 821 F.2d 52, 59-60 (1st Cir. 1987) (holding that conviction then pending "on appeal and so, at the time of the hearing, subject to vacation or reversal" constitutes a predicate conviction for purposes of repeat offender provision applying to those "previously 'convicted' of two offenses" (quoting 18 U.S.C. § 3575(e)(1))).

---

[3]  As the Court explained in <u>Mendoza-Lopez</u>, the constitutional defect in the reentry statute resulted from "the unavailability of effective judicial review" of the administrative determination resulting in the predicate deportation.  481 U.S. at 841-42.  As Roberson's successful challenge to his predicate conviction demonstrates, SORNA suffers from no such infirmity.

Congress has, in the definition of the offense, stated that "convicted" refers to the historical fact of the conviction, regardless of whether that conviction might later be vacated. See Lewis, 445 U.S. at 60-61 ("[The] plain meaning [of 'has been convicted by a court of the United States or of a State . . . of a felony'] is that the fact of a felony conviction imposes a . . . disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action . . . .").

Using the same mode of analysis as Lewis, we conclude Roberson's challenge must fail. The language is plain. The term "was convicted" refers to the fact of conviction and does not refer just to a "valid" conviction. Instead, Roberson asks this court not to give "was convicted" its normal meaning. See Black's Law Dictionary 383 (9th ed. 2009) (defining "convict" as "vb. To find (a person) guilty of a criminal offense upon a criminal trial, a plea of guilty, or a plea of nolo contendere (no contest)").

He argues "was convicted" must refer only to what he calls a "valid" conviction.[4] But Lewis expressly rejects that reading of almost identical language. Roberson points to no additional statutory language indicating that Congress intends the

---

[4] By "valid," Roberson means a conviction that is not "void." He argues that a conviction obtained in violation of due process is void, Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969), and that "[a] void judgment is one which, from its inception, was a complete nullity and without legal effect," Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972).

-10-

more restrictive reading of "was convicted by a court" that he proposes.[5]

To the contrary, as did the statute in Lewis, SORNA has exceptions to its coverage. See 42 U.S.C. § 16911(5)(B)-(C); see also 18 U.S.C. § 2250(b) (providing as affirmative defense in § 2250 prosecution that defendant was prevented from registration by "uncontrollable circumstances"). But none of the exceptions is for a later vacated conviction, even when the vacation is on constitutional grounds. This analysis also involves the two considerations utilized by the Lewis Court: when Congress has provided limited exceptions within the same statute, courts will not read in additional exceptions. See Lewis, 445 U.S. at 61-62.

_____

[5] Roberson does cite 42 U.S.C. § 16911(5)(B), which states that "[a] foreign conviction is not a sex offense for the purposes of this subchapter if it was not obtained with sufficient safeguards for fundamental fairness and due process for the accused under guidelines or regulations established" by the Attorney General. From this, Roberson argues Congress intends SORNA registration to be required only on the basis of an individual conviction that is consistent with due process. He fatally makes no distinction between judicial systems and individual case outcomes. As the Attorney General interpreted this provision pursuant to his statutory mandate, Congress intends that a conviction triggers the SORNA registration requirement only if it is the product of a judicial system which, like that of the United States, contains "sufficient safeguards for fundamental fairness and due process." See 73 Fed Reg. 38,030, 38,050 (July 2, 2008) ("Sex offense convictions under the laws of Canada, United Kingdom, Australia, and New Zealand are deemed to have been obtained with sufficient safeguards for fundamental fairness and due process, and registration must be required for such convictions on the same footing as domestic convictions."). Congress did not intend for federal courts, in the context of applying SORNA, to engage in case-by-case due process review of predicate state court convictions.

-11-

And that conclusion is only strengthened by the existence of other statutes that show Congress knew how to create such an exception when it wished to do so.  See id.

Congress did not create the "loophole[]" Roberson wishes. Kebodeaux, 133 S. Ct. at 2505.  Where Congress is clear, there is no role for the rule of lenity.[6]  And, as in Lewis, this congressional scheme is entirely constitutional.[7]  See, e.g., Whitlow, 714 F.3d at 44; United States v. Parks, 698 F.3d 1, 4-8 (1st Cir. 2012), cert. denied, 133 S. Ct. 2021 (2013).

---

[6] Nor, if we were free to consult legislative history despite the plain language of the statute, has Roberson identified any history that lends support to his interpretation.

[7] Roberson attempts to distinguish Lewis by arguing that Congress' intent in enacting the felon-in-possession statute at issue there was broader than its intent in enacting SORNA. Specifically, he notes that the felon-in-possession statute does not apply solely to individuals with prior convictions but also to those merely indicted for a felony charge, as well as fugitives, aliens unlawfully in the United States, and individuals who have renounced U.S. citizenship, among others.  See 18 U.S.C. § 922(n), (g)(2), (g)(5), (g)(7).  From this, Roberson argues that the statute in Lewis has a broader prophylactic rationale than SORNA.
This argument fails.  While the firearms statute does reach groups aside from convicted felons, the Lewis Court did not rely on that structure in its analysis of "was convicted."  See 445 U.S. at 60 ("[The statute's] proscription is directed unambiguously at any person who 'has been convicted by a court of the United States or of a State . . . of a felony.'" (emphasis added)).  Moreover, Roberson's argument essentially asks us to read the absence of categories unrelated to individuals with prior convictions to imply the phrase "provided that the conviction is valid."  There is simply no basis for that reading in SORNA's text.  The plain language encompasses Roberson's conduct and properly subjects him to criminal penalties for failing to register.

-12-

At the heart of Roberson's case is his reliance on

Burgett v. Texas for the proposition that an unconstitutionally

obtained conviction ordinarily cannot be used "either to support

guilt or enhance punishment for another offense."  389 U.S. 109,

115 (1967).

Roberson's Burgett-based argument was explicitly

considered and rejected in Lewis.  Recognizing that an uncounseled

felony conviction cannot be used for certain purposes, and citing

Burgett, United States v. Tucker, 404 U.S. 443 (1972), and Loper v.

Beto, 405 U.S. 473 (1972), the Lewis Court held:

> Use of an uncounseled felony conviction as the
> basis for imposing a civil firearms
> disability, enforceable by a criminal
> sanction, is not inconsistent with Burgett,
> Tucker, and Loper.  In each of those cases,
> this Court found that the subsequent
> conviction or sentence violated the Sixth
> Amendment because it depended upon the
> reliability of a past uncounseled conviction.
> The federal gun laws, however, focus not on
> reliability, but on the mere fact of
> conviction, or even indictment, in order to
> keep firearms away from potentially dangerous
> persons. Congress' judgment that a convicted
> felon, even one whose conviction was allegedly
> uncounseled, is among the class of persons who
> should be disabled from dealing in or
> possessing firearms because of potential
> dangerousness is rational.  Enforcement of
> that essentially civil disability through a
> criminal sanction does not "support guilt or
> enhance punishment," see Burgett, 389 U.S., at
> 115,[] on the basis of a conviction that is
> unreliable when one considers Congress' broad
> purpose.  Moreover, unlike the situation in
> Burgett, the sanction imposed by § 1202(a)(1)
> attaches immediately upon the defendant's
> first conviction.

-13-

<u>Lewis</u>, 445 U.S. at 67 (footnote omitted).

As we held in <u>Parks</u>, 698 F.3d at 5, SORNA is "a civil regulatory measure aiming at forestalling future harm." We observed "[r]egistration is frequently part of civil regulation, including car licensing, social security applications, and registering for selective service," and may be enforced by a criminal sanction. <u>Id.</u> at 6. As <u>Lewis</u> makes clear, where a civil disability "focus[es] not on reliability, but on the <u>mere fact of conviction</u>," enforcement of that disability through criminal sanction does not implicate the constitutional concern at issue in <u>Burgett</u>. 445 U.S. at 67 (emphasis added). By its plain language, SORNA has precisely that focus. For that reason, <u>Burgett</u> has no application here.

As to Roberson's invocation of <u>Boykin</u> v. <u>Alabama</u>, 395 U.S. 238, 243 n.5 (1969), and <u>Lubben</u> v. <u>Selective Serv. Sys. Local Bd. No. 27</u>, 453 F.2d 645, 649 (1st Cir. 1972), that argument also fails under circuit precedent which postdates <u>Boykin</u> and <u>Lubben</u>. In <u>United States</u> v. <u>Snyder</u>, 235 F.3d 42, 51-54 (1st Cir. 2000), we held that the later vacating of a state court conviction did not invalidate the defendant's federal conviction as a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) because he was

-14-

a felon at the time of the charged possession.[8]  We drew a distinction between the use of a vacated conviction in the sentencing context and in the context of predicate offenses.  Id. at 52-53.  We observed that laws that condition a civil disability on the historical fact of conviction "reflect the desirability of having a clear, bright line in respect to [that disability]: one who has a . . . conviction on the books, a conviction not yet set aside, should simply know" that the disability applies.  Id. at 53 (quoting United States v. Paleo, 9 F.3d 988, 989 (1st Cir. 1992)) (internal quotation mark omitted).

As Lewis notes, an individual subject to a civil disability may challenge a predicate conviction "in an appropriate proceeding" before engaging in the prohibited conduct.  445 U.S. at 64; cf. Mendoza-Lopez, 481 U.S. at 841 ("It is precisely the unavailability of effective judicial review of the administrative determination at issue here that sets this case apart from Lewis.").  In the present context, there is no reason to think that

_____

[8] Other circuits have followed similar reasoning. See, e.g., United States v. Padilla, 387 F.3d 1087, 1090-92 (9th Cir. 2004) (holding defendant not entitled to new trial on felon in possession conviction based on vacatur of the predicate felony after his conviction); Burrell v. United States, 384 F.3d 22, 27-28 (2d Cir. 2004) (explaining "the determinate factor [in a felon in possession prosecution] is [the] defendant's criminal record at the time of the charged possession" without regard to whether it is later set aside); United States v. Lee, 72 F.3d 55, 58 (7th Cir. 1995) (holding fact that defendant's predicate conviction was vacated shortly before trial did not undermine prosecution for being felon in possession); United States v. Cabrera, 786 F.2d 1097, 1098 (11th Cir. 1986) (per curiam) (similar).

Congress would willingly engender uncertainty concerning to whom SORNA's registration requirement applies by permitting those who fail to register to challenge their predicate convictions after the fact. Roberson flouted the registration law for twelve years, and had ample time to seek to vacate his conviction.

## III.

The judgment of the district court is <u>affirmed</u>.


- Concurring Opinion Follows -

**TORRUELLA, Circuit Judge, Concurring.** Faced with statutory language highly analogous to that now on appeal, the Supreme Court has held that Congress may impose civil disabilities, enforceable via criminal sanctions, based on the existence of a constitutionally infirm prior predicate conviction. Lewis v. United States, 445 U.S. 55, 65-68 (1980). Doing so, the Supreme Court concluded, does not threaten the rights of individuals so disabled. Id. at 67 ("Enforcement of [an] essentially civil disability through a criminal sanction does not 'support guilt or enhance punishment . . . .'" (quoting Burgett v. Texas, 389 U.S. 109, 115 (1967)). I disagree, being fully persuaded by the existence of significant constitutional concerns as articulated by the dissenting justices in that case. Id. at 72 (Brennan, J., dissenting) ("Here, petitioner could have not been tried and convicted for violating [SORNA] in the absence of his previous felony conviction. It could not be plainer that his constitutionally void conviction was therefore used 'to support guilt' for the current offense."); see also Burgett, 389 U.S. at 115 (holding that constitutionally infirm convictions may not be used to "support guilt or enhance punishment for another offense").

I am also troubled by the thought that this exception, borne out of a civil disability seen as relatively insignificant by reviewing courts, may apply uniformly to validate disabilities far more severe. Compare Lewis, 445 U.S. at 66 (highlighting that

-17-

there are "activities far more fundamental than the possession of a firearm"), and United States v. Samson, 533 F.2d 721, 722 (1st Cir. 1976) (calling firearm dispossession "slight compared with the gravity of the public interest sought to be protected"), with Samson, 533 F.2d at 722 ("[I]f the disability imposed by the statute is sufficiently serious to the defendant, it might be appropriate to [adopt a] more restricted meaning [of the phrase 'convicted by a court']."), and United States v. Parks, 698 F.3d 1, 5 (1st Cir. 2012) ("SORNA is surely burdensome for those subject to it.").

Nonetheless, it is the job of an appellate judge to faithfully apply the law as articulated by the Supreme Court. See Lewis, 445 U.S. at 65-68. And that faithful respect extends, in equal measure, to prior precedent from this court. See United States v. Snyder, 235 F.3d 42, 51-54 (1st Cir. 2000). Here, although troubled by the result, I believe the majority's conclusion is consistent with our binding precedent. Accordingly, I concur. I write separately, however, to urge that we hold the line where we now stand (already on ground both slippery and sloping) so that the protections of Burgett, 389 U.S. 109, and its progeny are not further eroded.