J-S76042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JASON EUGENE FREELAND | |
| Appellant | No. 1331 WDA 2014 |

Appeal from the Judgment of Sentence July 30, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0002141-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA and OLSON, JJ.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 22, 2014**

Appellant, Jason Eugene Freeland, appeals from the judgment of sentence entered on July 30, 2014, as made final by the denial of his post-sentence motion on August 6, 2014.  We affirm.

The factual background of this case is as follows.  On November 2, 2011, 13-year-old A.M. was sent home from school.  When she got home from school, Appellant pushed her down on the bed and raped her.  The procedural background of this case is as follows.  On December 18, 2013, Appellant was charged via criminal information with rape,[1] sexual assault,[2]

---

[1] 18 Pa.C.S.A. § 3121(a)(1).

[2] 18 Pa.C.S.A. § 3124.1.

and corruption of a minor.[3]  On April 3, 2014, Appellant pled guilty to all three charges.  The trial court ordered an evaluation of Appellant by the Pennsylvania Sexual Offenders Assessment Board because of his conviction for the sexual offenses.  After this evaluation, Appellant's sentencing hearing was held on July 30, 2014.  At that hearing, Appellant was found not to be a sexually violent predator ("SVP"), was sentenced to four to eight years' imprisonment, and ordered to register as a sex offender for the remainder of his life.  Appellant filed a post-sentence motion on August 4, 2014.  That motion was denied on August 6, 2014.  This timely appeal followed.[4]

Appellant raises two issues for our review:

1. Is it unconstitutional to require an Appellant to register for a lifetime when said registration requirement exceeds the statutory maximum penalty for Appellant's offense?

2. Is [Pennsylvania's version of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A §§ 9799.10–9799.41] unconstitutional in requiring [] Appellant to register for [his] lifetime?

Appellant's Brief at 7 (complete capitalization removed).

Appellant first contends that his sentence is illegal as the requirement to register as a sex offender for the remainder of his life exceeds the statutory maximum penalty for rape, *i.e.*, 20 years.  "Issues relating to the

---

[3] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[4] On August 13, 2014, Appellant filed a concise statement of errors complained of on appeal ("concise statement").  **See** Pa.R.A.P. 1925(b).  On August 19, 2014, the trial court issued its Rule 1925(a) opinion.  Both issues raised on appeal were included in Appellant's concise statement.

legality of a sentence are questions of law. . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014). As this Court has explained:

> On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901 *et seq*. Section 9799.14 of SORNA establishes a three-tier system of specifically enumerated offenses requiring registration for differing lengths of time.

***Commonwealth v. Sampolski***, 89 A.3d 1287, 1288 (Pa. Super. 2014). Rape is a Tier III offense and requires lifetime registration. ***See*** 42 Pa.C.S.A. § 9799.14(d)(2).

As to Appellant's contention that the lifetime registration requirement is illegal because it exceeds the statutory maximum sentence for rape, this Court recently rejected a similar challenge, stating:

> [Appellant] relies upon ***Commonwealth v. Williams***, 832 A.2d 962 (Pa. 2003), to support his argument that requiring an individual to register for many years longer than the maximum penalty of the crime itself is excessive and the registration provisions should be struck down as unconstitutional punishment under the state and federal constitutions. In ***Williams***, our Supreme Court was asked to decide whether certain provisions of Megan's Law II were constitutional as it applied to [SVPs]. The ***Williams*** Court specifically held that the [application of the] registration, notification, and counseling provisions of Megan's Law II, to offenders deemed to be SVPs, were non-punitive, regulatory measures supporting a legitimate governmental purpose. ***Id.*** at 986. However, [our Supreme] Court did find that the prescribed penalties that attach to SVP's for failure to

register and verify their residence were unconstitutionally punitive and, therefore, invalidated those provisions. *Id.* . . .

[E]ven assuming that [Appellant's lifetime] registration requirement is excessive in comparison to his actual sentence of [four to eight] years' imprisonment, we cannot ignore our Supreme Court's pronouncement that:

> Because [it] do[es] not view the registration requirements as punitive but, rather, remedial, [it] does not perceive mandating compliance by offenders who have served their maximum term to be improper. Furthermore, the fact that an offender may be held until such information is furnished is no different from confining someone in a civil contempt proceeding. While any imprisonment, of course, has punitive and deterrent effects, it must be viewed as remedial if release is conditioned upon one's willingness to comply with a particular mandate.

*Commonwealth v. Gaffney*, 733 A.2d 616, 622 (Pa. 1999).

* * *

> While [the cases relied upon] were decided prior to the effective date of SORNA, the same principles behind the registration requirements for sexual offenders under Megan's Law apply to those subject to SORNA. Namely, to effectuate, through remedial legislation, the non-punitive goal of public safety.

*Commonwealth v. McDonough*, 96 A.3d 1067, 1070–1071 (Pa. Super. 2014) (emphasis removed); *see Commonwealth v. Benner*, 853 A.2d 1068, 1070 (Pa. Super. 2004) (internal quotation marks, alteration, and citations omitted) ("The registration provisions of Megan's Law do not constitute criminal punishment. . . . [T]he registration requirement is properly characterized as a collateral consequence of the defendant's plea, as it cannot be considered to have a definite, immediate and largely automatic effect on a defendant's punishment.").

Thus, under **McDonough** a registration requirement that exceeds the statutory maximum sentence is not illegal. Although **McDonough** dealt with a 15-year registration requirement, its rationale is equally as applicable to a lifetime registration requirement. Therefore, Appellant's lifetime registration requirement was not an illegal sentence.

In his second issue, Appellant contends that SORNA is unconstitutional. Specifically, he alleges that SORNA violates the prohibition against cruel and unusual punishment found in the Eighth Amendment to the United States Constitution (as incorporated against the states through the Fourteenth Amendment) and article I, section 13 of the Pennsylvania Constitution. The constitutionality of a statute is a pure question of law, therefore our standard of review is *de novo* and our scope of review is plenary. **Robinson Tp., Wash. Cnty. v. Commonwealth**, 83 A.3d 901, 943 (Pa. 2013) (citation omitted).

"[T]he Pennsylvania prohibition against cruel and unusual punishment is coextensive with the Eighth and Fourteenth Amendments to the United States Constitution, and [] the Pennsylvania Constitution affords no broader protection against excessive sentences than that provided by the Eighth Amendment to the United States Constitution." **Commonwealth v. Elia**, 83 A.3d 254, 267 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014) (internal quotation marks, alteration, and citation omitted). It is well-settled that when a statute imposes a disability on a defendant for a reason other

than to punish, it is considered non-penal and outside the confines of the Eighth Amendment. *See Trop v. Dulles*, 356 U.S. 86, 96 (1958). As noted above, in *McDonough* this Court recently held that SORNA's goal is "to effectuate, through remedial legislation, the non-punitive goal of public safety." *McDonough*, 96 A.3d at 1071; *see Benner*, 853 A.2d at 1070.

We note that our decision in *McDonough* is congruent with the decisions of a long list of courts. At least three United States Courts of Appeals have held that registration requirements under the federal version of SORNA do not violate the Eighth Amendment. *United States v. Under Seal*, 709 F.3d 257, 265 (4th Cir. 2013); *United States v. Crews*, 496 F. App'x 896, 901 (11th Cir. 2012); *United States v. Davis*, 352 F. App'x 270, 272 (10th Cir. 2009). The Supreme Court of Nevada has likewise held that Nevada's version of SORNA does not violate the Eighth Amendment. *Nevada v. Eighth Jud. Dist. Ct. (Logan D.)*, 306 P.3d 369, 388 n.13 (Nev. 2013). Furthermore, at least five United States Courts of Appeals have held that the federal version of SORNA is a civil regulatory scheme, foreclosing the possibility that it violates the Eighth Amendment. *United States v. Roberson*, 752 F.3d 517, 524 (1st Cir. 2014); *United States v. Shannon*, 511 F. App'x 487, 492 (6th Cir. 2013); *United States v. Leach*, 639 F.3d 769, 773 (7th Cir.2011); *United States v. Young*, 585 F.3d 199, 204–205 (5th Cir. 2009); *United States v. May*, 535 F.3d 912, 920 (8th Cir. 2008). Courts of last resort in at least two other jurisdictions have

likewise held that their respective versions of SORNA are civil regulatory schemes. ***Doe v. Dep't of Pub. Safety & Corr. Servs.***, 62 A.3d 123, 155–156 (Md. 2013); ***Doe I v. Williams***, 61 A.3d 718, 730 (Me. 2013) (citation omitted);

As SORNA is a non-punitive, remedial scheme, it is not punishment for the purposes of the Eighth Amendment or article 1, section 13 of the Pennsylvania Constitution. Therefore, SORNA's lifetime registration requirement does not violate the prohibition against cruel and unusual punishment found in the federal and state constitutions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2014