J-S76038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THEODORE MAMEL, | |
| Appellant | No. 1263 WDA 2014 |

Appeal from the Judgment of Sentence of July 23, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000384-2014

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 06, 2015**

Appellant, Theodore Mamel, appeals from the judgment of sentence entered on July 23, 2014, following his guilty plea convictions of unlawful contact with a minor – open lewdness, sexual abuse of children - disseminating photographs of child sex acts, and child pornography.[1]  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> Pursuant to a plea bargain, [Appellant] pled guilty on July 21, 2014 to [the aforementioned charges].  Two other charges were then *nolle prossed*.  The [trial c]ourt sentenced [Appellant] on July 23, 2014 to a term of incarceration of one to two years pursuant to the plea entered to the charge of [u]nlawful contact, and accepted

---

[1]  18 Pa.C.S.A. §§ 6318(a)(2), 6312(c), and 6312(d), respectively.

the pleas relative to [d]isseminating [p]hotos and [c]hild [p]ornography without the imposition of further penalty.

During his plea, [Appellant] acknowledged viewing pictures of naked female children, whom he knew to be under the age of eighteen years, on his computer and then sending those pictures to other computers owned by other people. He agreed to be sentenced without a pre-sentence report, but was notified that he would need to be assessed by the Sexual Offender Assessment Board. At the time of his sentencing, [Appellant] was informed of his duty to register for twenty-five years, by appearing twice per year at the registration site, and he was ordered to provide his fingerprints, palm prints, DNA sample and a photograph to the state police. He filed no post-sentence motions.

Trial Court Opinion, 8/11/2014, at 1-2. This timely appeal followed.[2]

On appeal, Appellant raises the following claims for our consideration:

1. Is it unconstitutional to require an appellant to register for a [25-year period][3] when said registration requirement exceeds the statutory maximum penalty for Appellant's offense?

2. Is the Adam Walsh statute unconstitutional in requiring [] Appellant to register for twenty[-]five (25) years?

Appellant's Brief at 7 (complete capitalization omitted).

_____

[2] On July 31, 2014, Appellant filed a notice of appeal. On August 5, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on August 7, 2014. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 11, 2014.

[3] As discussed below, Appellant was required to register as a sex offender for 25 years based upon his underlying conviction. At times throughout his brief, however, Appellant claims he was subjected to lifetime registration; thus, we have corrected this error throughout this memorandum.

Appellant's issues are inter-related, so we will examine them together. In his first issue presented, "Appellant avers that the imposition of the additional [25-year] registration [for sexual offenders] is illegal as it exceeds the statutory maximum penalty pr[e]scribed for the crime of which he was convicted [- unlawful contact with a minor]." Appellant's Brief at 11. Appellant claims that while previous Pennsylvania decisions have held that registration requirements are civil penalties, those requirements are imposed at sentencing, potentially subject the offender to additional criminal penalties, and, therefore, the imposition of registration requirements is illegal. *Id.* Thus, Appellant challenges the constitutionality of the Sexual Offender Registration and Notification Act (SORNA). *Id.* at 12. "Appellant believes that to require [] a registration period [exceeding the statutory sentencing maximums for the crime upon which he pled guilty] constitutes an unusual punishment as barred by the Pennsylvania and U.S. Constitutions[.]" *Id.* at 12.

Initially, we note that Appellant has presented scant legal argument in support of his contentions and we could find his issues waived. *See Commonwealth v. Miller*, 721 A.2d 1121, 1124 (Pa. Super. 1998) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof."). However, we are cognizant that "[s]o long as jurisdictional requirements are met, an illegal sentence can never be waived and may be reviewed *sua sponte* by this court." *Commonwealth v.*

- 3 -

*Edrington*, 780 A.2d 721, 723 (Pa. Super. 2001). Thus, we proceed to examine Appellant's claims.

Although Appellant initially frames his first issue as a challenge to the "constitutionality" of SORNA's 25-year registration requirement, we shall review this claim as an objection to the legality of Appellant's sentence since the thrust of Appellant's argument is that the registration requirement is invalid because it exceeds the statutory maximum penalty for Appellant's offense. "Issues relating to the legality of a sentence are questions of law. . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014). As this Court has explained:

> On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901 *et seq*. Section 9799.14 of SORNA establishes a three-tier system of specifically enumerated offenses requiring registration for differing lengths of time.

*Commonwealth v. Sampolski*, 89 A.3d 1287, 1288 (Pa. Super. 2014). Unlawful contact with a minor is a Tier II offense and requires a 25-year period of registration. *See* 42 Pa.C.S.A. § 9799.14(c)(5); 42 Pa.C.S.A. § 9799.15(a)(2).

As to Appellant's contention that the 25-year registration requirement is illegal because it exceeds the statutory maximum sentence for unlawful

contact with a minor, this Court recently rejected a similar challenge, stating:

> In [**Commonwealth v. Williams**, 832 A.2d 962 (Pa. 2003),] our Supreme Court was asked to decide whether certain provisions of Megan's Law II were constitutional as it applied to sexually violent predators (SVPs). The **Williams** Court specifically held that the [application of the] registration, notification, and counseling provisions of Megan's Law II, to offenders deemed to be SVPs, were non-punitive, regulatory measures supporting a legitimate governmental purpose. **Id.** at 986. However, [our Supreme] Court did find that the prescribed penalties that attach to SVP's for failure to register and verify their residence were unconstitutionally punitive and, therefore, invalidated those provisions. **Id.** . . .
>
> However, [in **McDonough**, we determined that] [e]ven assuming that [Appellant's] 15-year registration requirement [wa]s excessive in comparison to his actual sentence of one to two years' imprisonment, we [could not] ignore our Supreme Court's pronouncement that:
>
>> Because [it] do[es] not view the registration requirements as punitive but, rather, remedial, [it] does not perceive mandating compliance by offenders who have served their maximum term to be improper. Furthermore, the fact that an offender may be held until such information is furnished is no different from confining someone in a civil contempt proceeding. While any imprisonment, of course, has punitive and deterrent effects, it must be viewed as remedial if release is conditioned upon one's willingness to comply with a particular mandate.
>
> **Commonwealth v. Gaffney**, 733 A.2d 616, 622 (Pa. 1999).
>
> \*          \*          \*
>
> While [the cases relied upon] were decided prior to the effective date of SORNA, the same principles behind the

registration requirements for sexual offenders under Megan's Law apply to those subject to SORNA. Namely, to effectuate, through remedial legislation, the non-punitive goal of public safety.

*Commonwealth v. McDonough*, 96 A.3d 1067, 1070–1071 (Pa. Super. 2014) (emphasis removed); *see Commonwealth v. Benner*, 853 A.2d 1068, 1070 (Pa. Super. 2004) (internal quotation marks, alteration, and citations omitted) ("The registration provisions of Megan's Law do not constitute criminal punishment. . . . [T]he registration requirement is properly characterized as a collateral consequence of the defendant's plea, as it cannot be considered to have a definite, immediate and largely automatic effect on a defendant's punishment.").

Appellant's challenge in this case focuses upon the registration requirement itself, not the punishment for a failure to register in accordance with SORNA's provisions. *See* Appellant's Brief at 11. Under *McDonough*, a registration requirement that exceeds the statutory maximum sentence is not illegal. Although *McDonough* dealt with a 15-year registration requirement, its rationale is equally applicable to a 25-year registration requirement. Therefore, Appellant's 25-year registration requirement was not an illegal sentence.

In his second issue, Appellant contends that SORNA is unconstitutional. Essentially, he alleges that SORNA violates the prohibition against cruel and unusual punishment found in the Eighth Amendment to the United States Constitution (as incorporated against the states through the Fourteenth Amendment) and article I, section 13 of the Pennsylvania

Constitution. The constitutionality of a statute is a pure question of law, therefore our standard of review is *de novo* and our scope of review is plenary. ***Robinson Tp., Wash. Cnty. v. Commonwealth***, 83 A.3d 901, 943 (Pa. 2013) (citation omitted).

"[T]he Pennsylvania prohibition against cruel and unusual punishment is coextensive with the Eighth and Fourteenth Amendments to the United States Constitution, and [] the Pennsylvania Constitution affords no broader protection against excessive sentences than that provided by the Eighth Amendment to the United States Constitution." ***Commonwealth v. Elia***, 83 A.3d 254, 267 (Pa. Super. 2013) (internal quotation marks, alteration, and citation omitted), *appeal denied*, 94 A.3d 1007 (Pa. 2014). It is well-settled that when a statute imposes a disability on a defendant for a reason other than to punish, it is considered non-penal and outside the confines of the Eighth Amendment. ***See Trop v. Dulles***, 356 U.S. 86, 96 (1958). As noted above, in ***McDonough*** this Court recently held that SORNA's goal is "to effectuate, through remedial legislation, the non-punitive goal of public safety." ***McDonough***, 96 A.3d at 1071; ***see Benner***, 853 A.2d at 1070.

We note that our decision in ***McDonough*** is congruent with the decisions of a long list of courts. At least three United States Courts of Appeals have held that registration requirements under the federal version of SORNA do not violate the Eighth Amendment. ***United States v. Under Seal***, 709 F.3d 257, 265 (4th Cir. 2013); ***United States v. Crews***, 496 F. App'x 896, 901 (11th Cir. 2012); ***United States v. Davis***, 352 F. App'x

270, 272 (10th Cir. 2009). The Supreme Court of Nevada has likewise held that Nevada's version of SORNA does not violate the Eighth Amendment. *Nevada v. Eighth Jud. Dist. Ct. (Logan D.)*, 306 P.3d 369, 388 n.13 (Nev. 2013). Furthermore, at least five United States Courts of Appeals have held that the federal version of SORNA is a civil regulatory scheme, foreclosing the possibility that it violates the Eighth Amendment. *United States v. Roberson*, 752 F.3d 517, 524 (1st Cir. 2014); *United States v. Shannon*, 511 F. App'x 487, 492 (6th Cir. 2013); *United States v. Leach*, 639 F.3d 769, 773 (7th Cir.2011); *United States v. Young*, 585 F.3d 199, 204–205 (5th Cir. 2009); *United States v. May*, 535 F.3d 912, 920 (8th Cir. 2008). Courts of last resort in at least two other jurisdictions have likewise held that their respective versions of SORNA are civil regulatory schemes. *Doe v. Dep't of Pub. Safety & Corr. Servs.*, 62 A.3d 123, 155–156 (Md. 2013); *Doe I v. Williams*, 61 A.3d 718, 730 (Me. 2013) (citation omitted);

As SORNA is a non-punitive, remedial scheme, it is not punishment for the purposes of the Eighth Amendment or article 1, section 13 of the Pennsylvania Constitution. Therefore, SORNA's 25-year registration requirement does not violate the prohibition against cruel and unusual punishment found in the federal and state constitutions.

Judgment of sentence affirmed.

Judge Panella joins the memorandum.

President Judge Emeritus Ford Elliott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/6/2015