**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-2010

NORMAN LAUNI, II,

       Plaintiff – Appellant,

    v.

DAN JAMES, JR., Individually and in his official capacity as Prosecuting Attorney for Hampshire and Morgan Counties; JOHN OURS, Individually and in his official capacity as Special Prosecutor in Mineral County; COUNTY COMMISSION OF HAMPSHIRE COUNTY, WEST VIRGINIA; COUNTY COMMISSION OF MORGAN COUNTY, WEST VIRGINIA; COUNTY COMMISSION OF MINERAL COUNTY, WEST VIRGINIA; CORPORAL SCOTT NAZELROD; COLONEL CAHILL, Superintendent of the West Virginia State Police, in his official capacity,

       Defendants – Appellees,

    and

COUNTY OF HAMPSHIRE, WEST VIRGINIA; COUNTY OF MORGAN, WEST VIRGINIA; COUNTY OF MINERAL, WEST VIRGINIA; HAMPSHIRE COUNTY PROSECUTING ATTORNEY'S OFFICE; MORGAN COUNTY PROSECUTING ATTORNEY'S OFFICE; MINERAL COUNTY PROSECUTING ATTORNEY'S OFFICE,

       Defendants.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:19-cv-00065-GMG-RWT)

Submitted:  September 30, 2021                  Decided:  November 15, 2021

Before KING, HARRIS, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Christian Riddell, STEDMAN & RIDDELL, Martinsburg, West Virginia, for Appellant. James W. Marshall, III, Adam K. Strider, BAILEY & WYANT, PLLC; Tracey B. Eberling, STEPTOE & JOHNSON PLLC, Martinsburg, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norman Launi, II, appeals the district court's orders dismissing his civil action under 42 U.S.C. § 1983 and West Virginia state law alleging 15 counts and three alternate counts connected with his arrest and state criminal prosecution. Launi confines his appeal to the dismissal of counts one through 12[*] of his amended complaint. We affirm.

"We review dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim de novo, viewing the facts in the light most favorable to the plaintiff." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021). "A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint." *Id.* (internal quotation marks omitted). "To survive, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (internal quotation marks and ellipsis omitted). "While this standard does not require detailed factual allegations, it does require sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). With this standard in mind, we have reviewed the record and the parties' briefs and find no reversible error in the district court's dismissal of Launi's claims. We first address Launi's claims under the U.S. Constitution, and then turn to his state constitutional claims.

---

[*] In his briefing, Launi claims to appeal the dismissal of all claims except certain "alternate counts" and counts ten through 12 of the amended complaint. But his arguments on appeal seem to implicate counts ten through 12, which concern the municipal liability of various county commissions, while failing to discuss the district court's dismissal of counts 13 through 15, which concern other entities that the district court held were largely non-suable. Accordingly, we understand Launi's appeal to challenge the district court's dismissal of counts ten through 12, not 13 through 15.

Launi alleges in counts one, four, and seven of his amended complaint that defendants James, Ours, and Nazelrod each violated his rights to due process under the U.S. Constitution when they suppressed, tampered with, and withheld exculpatory evidence from him, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The district court held that count seven, against Nazelrod, failed because Launi's acquittal at trial precluded a finding of prejudice, as *Brady* requires. The court also held that, if James and Ours were not absolutely immune from suit, counts one and four against them failed because they were entitled to qualified immunity from suit because Launi had failed to allege a *Brady* violation. Launi argues on appeal that the district court erred in finding that his acquittal at trial precluded his *Brady* claims under § 1983.

Under *Brady* and its progeny, a failure to disclose evidence to a criminal defendant violates due process if the evidence "(1) is favorable to the defendant because it is either exculpatory or impeaching; (2) was suppressed by the government; and (3) is material in that its suppression prejudiced the defendant." *United States v. Sterling*, 724 F.3d 482, 511 (4th Cir. 2013). To make out a claim that a police officer violated a plaintiff's constitutional rights by suppressing such evidence, the plaintiff must show that "(1) the evidence at issue was favorable to him; (2) the officer[] suppressed the evidence in bad faith; and (3) prejudice ensued." *Burgess v. Goldstein*, 997 F.3d 541, 550 (4th Cir. 2021). "But we have also held that exculpatory information is not 'suppressed' when a criminal defendant is already aware of it." *Id.* Thus, "information actually known by the defendant falls outside the ambit of the *Brady* rule." *United States v. Roane*, 378 F.3d 382, 402 (4th Cir. 2004); *see United States v. Catone*, 769 F.3d 866, 871 (4th Cir. 2014).

4

Several courts of appeals have held, with the district court here, "that an acquittal extinguishes a *Brady* claim." *Bianchi v. McQueen*, 818 F.3d 309, 320 & n.4 (7th Cir. 2016) (collecting cases). But we have not so held. And here, we need not do so to affirm the district court's holding on this point. *See Tyler v. Hooks*, 945 F.3d 159, 170 (4th Cir. 2019) (this court may affirm on any grounds supported by the record). According to the amended complaint, the only information defendants suppressed or tampered with was a portion of an interview transcript documenting an interview in which Launi personally participated. In fact, Launi alleges that he possessed a recording of that very interview before his trial. As a result, Launi's own allegations make clear that, at all relevant times, he was aware and in possession of the information he claims defendants suppressed. His allegations thus fall "outside the ambit of the *Brady* rule." *Roane*, 378 F.3d at 402. Accordingly, we affirm the district court's dismissal of counts one, four, and seven.

In counts three, five, and nine, Launi alleges that James, Ours, and Nazelrod each violated his right under the U.S. Constitution against unreasonable seizure by procuring his prosecution without probable cause. The district court determined that count nine against Nazelrod failed because, even including information omitted from the criminal complaint used to procure Launi's arrest and prosecution for domestic battery and assault, the corrected complaint still established probable cause. The district court also held that James and Ours were absolutely immune from suit and, in the alternative, qualifiedly immune because, for the reasons supporting the dismissal of the claims against Nazelrod, Launi had failed to allege a lack of probable cause for his prosecution. Launi argues on appeal that the district court erred in these holdings.

5

We reject Launi's arguments. For Launi to succeed on the claim that he was seized pursuant to legal process unsupported by probable cause, he must show that, in making the complaint supporting the charges against him, Nazelrod "deliberately or with a reckless disregard for the truth made material false statements in his affidavit or omitted from that affidavit material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *Miller v. Prince George's County*, 475 F.3d 621, 627 (4th Cir. 2007) (internal quotation marks omitted). "Omissions are made with reckless disregard when the evidence demonstrates that a police officer failed to inform the judicial officer of facts [he] knew would negate probable cause." *Humbert v. Mayor & City Council of Balt. City*, 866 F.3d 546, 556 (4th Cir. 2017) (internal quotation marks omitted). Further, Launi must show "that the false statement or omission is material." *Id.* In assessing materiality, courts "must excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the corrected warrant affidavit would establish probable cause." *Id.* (internal quotation marks omitted). "Probable cause is 'a probability or substantial chance of criminal activity, not an actual showing of such activity,' and it is assessed based on the totality of the circumstances." *Nero v. Mosby*, 890 F.3d 106, 130 (4th Cir. 2018) (quoting *Illinois v. Gates*, 462 U.S. 213, 230, 243 n.13 (1983)).

As to count nine, against Nazelrod, the amended complaint contains no allegations supporting that Nazelrod knew of facts allegedly omitted from his criminal complaint that "would negate probable cause." *Humbert*, 866 F.3d at 556 (internal quotation marks omitted). Most of those facts, as alleged, were merely Launi's own denials of the charges

against him. Others, concerning Launi's claims that his alleged victim had harassed him and describing James's role in the investigation, appear at most tangential to assessing probable cause for Launi's own potential criminal conduct. *See Evans v. Chalmers*, 703 F.3d 636, 651 (4th Cir. 2012) ("Affiants are not required to include every piece of exculpatory information in affidavits."). And as the amended complaint alleges, Nazelrod's criminal complaint relied on the victim's own statements, as corroborated by video and photographic evidence, that Launi had battered and assaulted her. None of this negates probable cause for Launi's arrest and prosecution, much less shows that Nazelrod acted with the requisite reckless disregard or intent to mislead. Accordingly, we affirm the district court's dismissal of count nine.

For similar reasons, we affirm the district court's dismissal of counts three and five against James and Ours. As the district court held, qualified immunity protects officials who "commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." *Henry v. Purnell*, 752 F.3d 524, 531 (4th Cir. 2011) (en banc). In determining whether qualified immunity applies, we ask whether a constitutional violation occurred. *Id.* Here, because Launi has not plausibly alleged that defendants prosecuted him without probable cause, he has failed to show any reversible error in the district court's dismissal of counts three and five. As a result, we need not address whether these defendants were also entitled to absolute prosecutorial immunity, as the district court held.

We next address Launi's claims seeking to impose municipal liability on various county commissions that employed the individual defendants. In counts 10 and 11 of the

7

amended complaint, Launi seeks to hold the Hampshire and Morgan County Commissions liable under § 1983 for the constitutional violations allegedly committed by James, and in count 12, he asserts similar claims against the Mineral County Commission for alleged constitutional violations by Ours. The district court held that these counts failed to allege plausible § 1983 claims against these entities because neither James nor Ours had committed any underlying constitutional violation and, even if they had, Launi had not alleged the existence of a qualifying policy or custom attributable to these defendants. For the reasons above, we agree that Launi has not plausibly alleged any constitutional violations by any of the individual defendants. And absent such a violation, Launi's claims of municipal liability also must fail. *See, e.g.*, *Waybright v. Frederick County*, 528 F.3d 199, 203 (4th Cir. 2008) ("[S]upervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages." (quoting *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986))). Accordingly, without any violation to attribute to the county commissions, we affirm the dismissal of counts ten, 11, and 12.

Last, we address Launi's claims under the West Virginia constitution. In counts two, six, and eight of the amended complaint, Launi alleges that James, Ours, and Nazelrod violated his rights to due process and a fair trial under sections 10 and 14 of Article III of the West Virginia constitution by suppressing exculpatory evidence. The district court dismissed these counts, holding that the West Virginia constitution does not provide a private damages remedy for violations of these provisions. Launi argues on appeal that

this holding contravenes the Supreme Court of Appeals of West Virginia's decision in *Hutchison v. City of Huntington*, 479 S.E.2d 649, 660 (W. Va. 1996).

We have no occasion to decide what remedies West Virginia's constitution provides. Whatever the answer to that question, *Hutchison* requires a plaintiff asserting a denial of due process under the West Virginia constitution to show that, "as under § 1983," (1) "there was a constitutional violation"; and (2) "the claim is not barred by an applicable immunity." *Id.* Here, Launi alleges that, in violating their *Brady* obligations, James, Ours, and Nazelrod each violated sections 10 and 14 of Article III of the West Virginia constitution. But the Supreme Court of Appeals of West Virginia has interpreted its constitution to incorporate the *Brady* standard. *See, e.g.*, *State v. Salmons*, 509 S.E.2d 842, 853–56 (W. Va. 1998). And, as discussed, Launi has not alleged any plausible *Brady* violation, given his awareness and possession of all allegedly suppressed, exculpatory information. So, even if *Hutchison* recognized a private damages remedy for state constitutional violations, that would not avail Launi here because he has failed to satisfy *Hutschison*'s first requirement: that "there was a constitutional violation." 479 S.E.2d at 660. As a result, we affirm the district court's dismissal of counts two, six, and eight. *See Tyler*, 945 F.3d at 170.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

9